UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARTWELL RX, LLC,<br><br>                    Plaintiff,<br><br>     -against-<br><br>INMAR, INC. and INMAR RX<br>SOLUTIONS, INC.,<br><br>                    Defendants. | Case No. 1:21-cv-02185-PKC |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this Protective Order to facilitate discovery in this action:

**I.   Scope of Protective Order**

The protection of this Protective Order may be invoked by any party or non-party from whom discovery is sought (the "Producing Party" or "Designating Party") with respect to any documents, testimony, information, and/or things (collectively "Material" or "Materials") produced or created in this action. Said Materials may be designated "Confidential," "Highly Confidential," or "Outside Counsel Only" pursuant to the terms of this Protective Order.

**II.  Disclosure of "Confidential," "Highly Confidential," or "Outside Counsel Only" Materials**

   A.   Materials designated as "Confidential" may be disclosed only to:

   1.   The Court, its secretaries, clerks and law clerks, and jury members consistent with the terms of Sections IV and V below;

   2.   Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants, and other staff;

3. In-house attorneys and outside general counsel employed by any party to the litigation and working on this litigation, and their secretaries, paralegals, and legal assistants;

4. The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or engaging in appellate proceedings, provided that Materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

5. Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation, subject to Section II(C) below;

6. Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness;

7. Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

8. Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms; and

9. Any person who was, or is reasonably believed to have been, either an author or recipient of a document.

B.  Material designated as "Highly Confidential" may be disclosed to all categories of individuals identified in Section II(A) above except for Sections II(A)(4) and II(A)(6).

C.  Material designated as "Outside Counsel Only" may be disclosed to all categories of individuals identified in Section II(A) except for Sections II(A)(3), II(A)(4) and II(A)(6). The Producing Party may consent to additional disclosures concerning any of its Materials designated as Confidential, Highly Confidential, or Outside Counsel Only.

D.  With respect to individuals identified in II(A)(5) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any Designating Party's Confidential, Highly Confidential, or Outside Counsel Only Information. If any party objects to the individual, no party may disclose Confidential, Highly Confidential, or Outside Counsel Only Information to the individual unless the objection is overruled by the Court upon motion by any party.

E.  Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, counsel may discuss such conduct or statements with such person, provided that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specifically refers to such conduct or statement.

F.  Each person described in Sections II(A)(5), (6), and (9), above, to whom "Confidential," "Highly Confidential," or "Outside Counsel Only" material is disclosed shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this order. With respect to the

individuals/entities identified in Section II(A)(8), it shall be sufficient, but not necessary, for a corporate representative for each entity so employed to execute the non-disclosure agreement (Exhibit A) on one occasion.  Counsel disclosing "Confidential." "Highly Confidential," or "Outside Counsel Only" material to persons required to execute non-disclosure agreements shall retain for the duration of this case all such executed agreements.  Copies of the executed agreements shall be preserved by counsel and shall be provided to the Designating Party if the Court so orders upon a showing of good cause.

**III.** **Designation of Materials**

    A. "Confidential" Materials shall include only such information as the Designating Party in good faith contends should be protected pursuant to this Protective Order on the grounds that the information constitutes trade secrets or non-public, confidential, proprietary or commercially sensitive information, or other information required by law or agreement to be kept confidential.

    B. "Highly Confidential" Materials shall include only such information as the Designating Party in good faith contends is especially sensitive and may compromise and/or jeopardize a party's or non-party's legitimate business interests.

    C. "Outside Counsel Only" Materials shall include only such information as the Designating Party in good faith contends is especially sensitive to the party's or a non-party's legitimate business interests <u>and</u> that disclosure to the in-house counsel of the Receiving Party could damage the party's or a non-party's competitive advantage, including, for example, the confidential business or trade secret information of a non-party who competes with the Receiving Party, or the confidential business or trade secret information of a non-party who has requested

such information not be disclosed to in-house counsel for the Receiving Party. Any dispute about whether any designation is appropriate shall be resolved in accordance with Section VIII below.

    D.    In making designations of Materials pursuant to this Protective Order, the Designating Party shall give due consideration to whether the information contained in the materials: (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is available from a third party or commercial source that is not obligated or desiring to maintain its confidentiality. The designating party shall also give due consideration to the age of the Materials. As used herein, the phrase "Designating Party" includes non-parties to the litigation who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

    E.    The protection of this Protective Order may be invoked with respect to any covered Material in the following manner:

        1.    With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential," "Highly Confidential," or "Outside Counsel Only" on each page of the document that is confidential. If the first page of a document containing "Confidential," "Highly Confidential," or "Outside Counsel Only" information is not itself "Confidential," "Highly Confidential," or "Outside Counsel Only," the first page of the document shall bear a legend substantially stating that "This Document Contains Confidential Material," "This Document Contains Highly Confidential Material," or "This Document Contains Outside Counsel Only Material."

2. With respect to electronically stored information, "Confidential," "Highly Confidential," or "Outside Counsel Only" treatment may be invoked on all electronic files produced on a digital storage medium by marking the medium with the clear and legible designation "Confidential," "Highly Confidential," or "Outside Counsel Only." For individual files of electronically stored information ("ESI"), "Confidential," "Highly Confidential," or "Outside Counsel Only" treatment may be invoked in any one of three ways: (1) the ESI was produced on a medium marked "Confidential," "Highly Confidential," or "Outside Counsel Only;" (2) a designation of "Confidential," "Highly Confidential," or "Outside Counsel Only" on the image of the file, including a placeholder image for a file produced in native format; or (3) a designation of "Confidential," "Highly Confidential," or "Outside Counsel Only" within a "Confidentiality Designation" field in a metadata load file.

3. With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential," "Highly Confidential," or "Outside Counsel Only" Materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material," "This Document Contains Highly Confidential Material," or "This Document Contains Outside Counsel Only Material."

4. With respect to any deposition, "Confidential," "Highly Confidential," or "Outside Counsel Only" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential," "Highly Confidential," or "Outside Counsel Only" and serving such designation within thirty (30) days of receipt of the

transcript of the deposition in which the designation is made. All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties. If such a large bulk of a deposition is deemed "Confidential," "Highly Confidential," or "Outside Counsel Only" by a Designating Party as to render the remaining transcript relatively minor, the Designating Party may designate the entire transcript "Confidential," "Highly Confidential," or "Outside Counsel Only" rather than only a portion thereof.

5. If any Producing Party inadvertently produces or discloses any "Confidential," "Highly Confidential," or "Outside Counsel Only" information without designating or marking it with the appropriate legend, the Producing Party may give notice to the Receiving Party that the information should be treated in accordance with the terms of this Protective Order, and shall forward both a list of Bates numbers (if applicable) with the requested designation changes and appropriately labeled copies of the items in question. Such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure. Within five (5) days of the receipt of substitute copies, the Receiving Party shall destroy or return the previously unmarked items and all copies thereof. The Receiving Party may nonetheless challenge the designation as set forth in Section VIII, but said party shall not assert as a ground for challenging such designation the fact or circumstance of inadvertent production, and the inadvertent disclosure shall not be deemed a waiver of confidentiality.

**IV.     Privileged Documents**

A.      Where a claim of privilege is asserted in objecting to any request for production of documents, or sub-part thereof, the Producing Party shall serve a privilege log with respect to all documents, including electronically stored information, withheld on the basis of a claim of privilege or work product protection.  The log shall provide, for each withheld document or electronically stored information, the following: (i) the type of document; (ii) date; (iii) the authors and recipients (including indicating all attorneys with the use of "Esq." after each attorney's name); (iv) general subject matter of the document; and (v) the nature of and basis for the privilege that is being claimed.

B.      Unless the parties agree on a different time frame or the Court grants a requested extension, the privilege log required under Section IV.A above shall be served no later than fourteen (14) days following service of: (i) any document production from which documents are withheld on the basis of such privilege or protection; or (ii) the response to the request for production if all responsive documents are being withheld on the basis of such privilege or protection.

C.      The Parties are not required to include in the privilege log those documents that constitute privileged communications between a party and its counsel after commencement of the action and/or work product material created after commencement of the action.

D.      Inadvertent production of any information which a party or non-party (the "Disclosing Party") later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Information"), will not be deemed to have waived any privilege.

1.      The Disclosing Party, within a reasonable period of time after learning of

the disclosure of the Inadvertently Produced Information, shall (1) notify the Receiving Party, in writing, that it has disclosed that Inadvertently Produced Information without intending a waiver by the disclosure, and (2) identify the document(s) or information inadvertently produced and the basis for withholding such document(s) or information from production.

2. Upon such notification, the Receiving Party must—unless it contests the claim of privilege or immunity—promptly (i) notify the Disclosing Party that it will identify and return, sequester or destroy (or in the case of electronically stored information, permanently delete) the Inadvertently Produced Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, or use of the Inadvertently Produced Information.  If the Receiving Party contests the claim of privilege or immunity, the Receiving Party must notify the Disclosing Party that it contests the same within five (5) business days of receipt of the notice of disclosure.  Within ten (10) business days thereafter, the Disclosing Party may move the Court for an Order declaring the information claimed protected as privileged (a "Motion to Declare Privilege").  The Receiving Party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

3. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Inadvertently Produced Information.

4. Pending resolution of the Motion to Declare Privilege, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion and/or Opposition.  The parties may stipulate to extend the time periods set forth above.

5. Nothing in this Order overrides any attorneys' ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the Disclosing Party that such materials have been produced.

6. Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Inadvertently Produced Information.

7. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Inadvertently Produced Information under this Order.

8. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

## V.  Filing and Service of Court Papers

Except as agreed in writing by counsel of record, to the extent that any "Confidential," "Highly Confidential," or "Outside Counsel Only" Material is, in whole or in part, quoted, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall follow the Court's local rules and procedures for filing that submission under seal. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise

portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

If a party files a motion seeking to file a document under seal, a redacted copy of the document for which sealing is sought must be filed on the public record. In the redacted document, the omitted material must be generally identified.

The parties must keep to a minimum the amount of material that they would seek to file under seal. In that regard, the parties are directed to exclude confidential information from court flings unless directly relevant to the issue to be considered.

## VI.    Use of Materials in Court Proceedings

Nothing contained in this Protective Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential," "Highly Confidential," or "Outside Counsel Only" Material, provided that reasonable notice of the intended use of such Material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

To the extent that any party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other Court proceedings, the party must make a separate motion in that regard for consideration by the Court, supported by sufficient justification thereto. Likewise, to the extent any party would seek to seal any portion of a transcript of a court

proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

Finally, pursuant to Federal Rule of Evidence 502(d), the Court hereby orders that any privileges or protections will not be generally waived by any disclosures connected with this litigation, and that any such disclosure should not be construed as a waiver in any other federal or state proceeding.

**VII.** **Handling and Disposition of Materials; Conclusion of Case**

All Material designated "Confidential," "Highly Confidential," or "Outside Counsel Only" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such Material to leave their possession, except that copies of such Materials may be provided (outside of counsel's possession) to those to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Sections IV and V hereof as necessary.

Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential," "Highly Confidential," or "Outside Counsel Only" Material was produced shall, upon the request of the Designating Party and at the election of the Receiving Party, either: (1) return all documents and copies containing "Confidential," "Highly Confidential," or "Outside Counsel Only" Materials (including, but not limited to, copies in the possession or control of any Expert or employee) to the Designating Party, or (2) promptly destroy all such materials and provide written certification to the Producing Party to that effect.

## VIII. Reservation of Rights

By designating any Material "Confidential," "Highly Confidential," or "Outside Counsel Only," the parties do not acknowledge that any such Material is relevant or discoverable in this action. This Protective Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any Material in this action. Designation of Material as "Confidential," "Highly Confidential," or "Outside Counsel Only" pursuant to this Protective Order does not in any way restrict or adversely affect the Designating Party's use or disclosure of such documents. If, after production of materials designated "Confidential," "Highly Confidential," or "Outside Counsel Only," it comes to the attention of counsel for the Designating Party that the Designating Party has since distributed such materials in the public domain, the Designating Party shall notify the other parties to the action and withdraw its designation. Nothing in this Protective Order restricts a Producing Party from disclosing its own Materials. Nothing in this Protective Order imposes any restrictions upon any versions of Materials obtained through proper means other than a production by a Producing Party (e.g., from a public source), no matter if another copy or version of the Materials have been produced by a Producing Party and designated "Confidential," "Highly Confidential," or "Outside Counsel Only."

## IX. Challenges to Designation

Any party believing any Material designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" is public or is otherwise not entitled to such designation may advise the Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all parties, and allow ten (10) days for the Designating Party to respond. If the Designating Party does not modify its designation of the Material after conferring in good faith, the provisions of this Protective Order shall continue to apply to the Material at issue unless and

until determined otherwise by the Court upon motion by any party pursuant to applicable Local Rules.

## X. Modification

Nothing in this Protective Order shall preclude any party from applying to the Court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of Materials produced in this action or otherwise modify this Protective Order for good cause shown. Orders in this case, including this Order, may not be modified solely by agreement of the parties, and may only be modified with leave of Court on a motion of the parties.

## XI. Retention of Jurisdiction

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.

## XII. Restrictions on Use of Materials

All Materials produced in the above-captioned action shall be used solely for purposes of this civil action, including the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information is or becomes publicly available (other than through filing in this action and through no fault of the Receiving Party) or is available to the Requesting Party from another source which has no obligation to maintain the confidentiality of the Materials.  Materials designated "Confidential," "Highly Confidential," or "Outside Counsel Only" as well as summaries, excerpts and compilations of such Materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order.

**XIII.   Subpoena of Materials**

If any person subpoenas, orders production, or requests the production of Materials designated "Confidential," "Highly Confidential," or "Outside Counsel Only" that a party has received subject to this order, the party receiving the request shall promptly notify the designated party of the subpoena, order, or discovery request and shall not produce the information until the designating party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps to protect the information.

**XIV.   Court Approval of Protective Order**

By approving this Order and accepting the stipulation, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention.

**XV.   Sealing Documents Or Restricting Access in Proceedings Before Any Other Court, Including On Appeal, Must Be Addressed By the Parties Under the Rules of That Court.**

To the extent the parties may later proceed before any other court, including in any appeals in the present case, the parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, THIS \_\_\_ DAY OF \_\_\_\_, 2022.**

/s/
H. Jonathan Rubinstein, Esq. (#2573350)
**THE FEINSILVER LAW GROUP, P.C.**
26 Court Street, Suite 2506
Brooklyn, NY 11242
(212) 279-1069
hjr@feinsilverlaw.com

Mayer S. Klein (#5850557)
**FRANKEL RUBIN KLEIN PAYNE & PUDLOWSKI**
231 S. Bemiston Rd.
Clayton, MO 63105
(314) 725-8000
mklein@frankelrubin.com

*Attorneys for Plaintiff*
*Chartwell Rx, LLC*

/s/
Richard J. Keshian (N.C. Bar No. 10681),
*admitted pro hac vice*
Jason M. Wenker (N.C. Bar No. 36076),
*admitted pro hac vice*
Elizabeth L. Winters (N.C. Bar No. 44918),
*admitted pro hac vice*
**KILPATRICK TOWNSEND & STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7416
Fax: (336) 607-7500
RKeshian@KilpatrickTownsend.com
JWenker@KilpatrickTownsend.com
BWinters@KilpatrickTownsend.com

*Attorneys for Defendants*
*Inmar, Inc. and Inmar Rx Solutions, Inc.*

**IT IS SO ORDERED, THIS 13TH DAY OF OCTOBER, 2022.**

_____
**UNITED STATES DISTRICT JUDGE**

**Exhibit A**

**NON-DISCLOSURE AGREEMENT**

I do solemnly swear that I have read and am fully familiar with the terms of the Protective Order entered in the action styled *Chartwell Rx, LLC. v. Inmar Inc. et al.*, Case No. 1:21-cv-02185-PKC, in the United States District Court for the Southern District of New York.  I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20____, at _____,

_____

Signed: _____

Employer: _____

Business Address: _____

_____

_____